UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KAREEM H. WARD,

              Plaintiff,

     -v-                                     **MEMORANDUM AND ORDER**
                                                     23-CV-5237 (NRM) (LB)

THE CITY OF NY MAYOR and THE STATE
OF NY GOVERNOR,

              Defendants.
------------------------------------------------------------X
NINA R. MORRISON, United States District Judge:

      Plaintiff Kareem H. Ward filed this *pro se* complaint on July 5, 2023 pursuant to 42 U.S.C. § 1983 and several sections under Title 18 of the United States Code.[1]  ECF No. 1 at 4.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted pursuant to 28 U.S.C. § 1915(a).  For the reasons that follow, the action is dismissed.

## BACKGROUND

      Plaintiff alleges that "as a[n] immigrant the state allowed the city to change [his] identity" and "the state of NY failed to protect [his] children's rights" which caused "identity theft" and "withholding [of his] biological parents['] assets,

---

[1] On the same day, Plaintiff also filed complaints against ACS and the Bureau of Vital Records.  *See Ward v. ACS*, No. 23-CV-5235 (NRM) (LB) and *Ward v. Bureau of Vital Records, et al.*, No. 23-CV-5236 (NRM) (LB).  In addition, Plaintiff has the following cases pending: *Ward v. Social Security Administration*, No. 23-CV-4034 (NRM) (LB) (filed June 2, 2023) (complaint dismissed with leave to amend); *Ward v. Project Hospitality*, No. 23-CV-4037 (NRM) (LB) (filed June 6, 2023) (same).

1

retirements, trust fund, pension funds [and] inheritance." ECF No. 1 at 5. He alleges that this occurred "around about 1983." *Id.* He seeks "the release of all information in the state records pertain[]ing to [the] subject" and damages of $1 million. *Id.* at 6.

## STANDARD OF REVIEW

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," a court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

However, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addition, 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a case filed *in forma pauperis* if the court determines that the action: "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff is proceeding in part pursuant to 42 U.S.C. § 1983.  As a prerequisite to a damage award under § 1983, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation.  *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)); *see also Spavone v. N.Y. Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)).

Here, Plaintiff fails to make any allegations against Mayor Adams or Governor Hochul, let alone any allegations that could suggest that they had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's federal constitutional rights.  A § 1983 complaint that does not allege the personal involvement of a defendant fails as a matter of law.  *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997).  Therefore, the complaint is dismissed as it fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Furthermore, to the extent Plaintiff seeks to pursue claims under federal criminal statutes, *see* ECF No. 1 at 4, those claims also fail.  It is well-settled that "crimes are prosecuted by the government, not by private parties."  *Hill v. Didio*, 191 F. App'x 13, 15 (2d Cir. 2006) (citing *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972)).  "A private individual may bring suit under a federal [criminal] statute only when Congress specifically intended to create a private right of action."  *See Hill*, 191 F. App'x at 14 (citations omitted); *see also Cort v. Ash*, 422 U.S. 66, 79 (1975) (holding that no private right of action exists

3

under criminal statutes unless there is a clear statutory basis for such an inference); *see also Leeke v. Timmerman*, 454 U.S. 83, 85 (1981) (holding that a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another).

## CONCLUSION

For the reasons set forth above, the action, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Despite Plaintiff's *pro se* status, the Court declines to grant leave to amend as it finds that amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (affirming district court decision to dismiss *pro se* complaint without leave to amend where amendment would be futile); *Cuoco*, 222 F.3d at 112 ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile.").

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is requested to mail a copy of this Memorandum and Order to Plaintiff.

SO ORDERED.

                                           /s/ NRM
                                          NINA R. MORRISON
                                          United States District Judge

Dated:     August 11, 2023
             Brooklyn, New York